UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER:

BEVAN HUGH EARLE

    **Plaintiff(s)**

v.

BANK OF AMERICA HOME LOANS

    **Defendant(s)**
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, **BEVAN HUGH EARLE ("PLAINTIFF")** alleges that the Defendant(s) **BANK OF AMERICA HOME LOANS ("DEFENDANTS")**, violated sections of 15 U.S. C. §1692 et. seq., under the Fair Debt Collection Practices Act ("FDCPA"), and respectfully requests the imposition of statutory damages, attorney's fees and costs, and in support thereof states as follows:

### GENERAL ALLEGATIONS

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §§1331, 15 U.S.C. §1692k(d), 15 U.S.C., which grants the United State District Courts jurisdiction to hear this action without regard to the amount in controversy and 15 U.S.C. §1692 et seq.

2. Venue is proper in the Southern District of Florida because the acts and transactions described herein occurred in Broward County, Florida. Plaintiff's property, which is the encumbered property regarding the sought after debt, is located in Broward County, Florida and the Defendants regularly transacts business in Broward County.

3.     This action arises out of the invasion of the Plaintiff's personal and financial privacy, Defendants' violation of the FDCPA, and Defendants' illegal efforts to collect a consumer debt from the Plaintiff.

## PARTIES

4.     Plaintiff has a possessory interest in the property located at 10670 NW 28th Place, Sunrise, FL 33322 ("property") and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.     Defendant's principle business is the servicing of loans and the collection of debts, it regularly uses mail, telephone and in-person communication for debt collection.  Defendant, Bank of America Home Loans is a "debt collector" as defined by 15 U.S.C. §1692a(6), with its principle place of business at: 400 Countrywide Way SV-314, Simi Valley, CA 93065-3500. Tracey James is an agent of Bank of America Home Loans.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined by the FDCPA.

8.     Defendant and its agent, Tracey James, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Plaintiff incurred financial obligations that were primarily for personal, family or household purposes, and therefore defined as a "debt" under 15 U.S.C. §1692a(5).

10     A debt of $270,542.37 was obtained by BANK OF AMERICA HOME LOANS.

11.    On May 3, 2012, the undersigned sent the Defendant a "cease and desist letter" requesting that the Defendant cease all communications with the Plaintiff. The letter also notified the Defendant that the Plaintiff was represented by the undersigned counsel.

12.    Despite the written request for the Defendants to cease all contact with the Plaintiff, on June 27, 2012, at 8:25 A.M Eastern Standard Time, Defendant's agent, Tracey James, called the

Plaintiff on the telephone. Tracey James threatened foreclosure action if the Plaintiff did not start paying.

13. Despite the written request for the Defendant to cease all contact with the Plaintiff, on July 10, 2012, at 8:30 A.M Eastern Standard Time, Defendant's agent, Tracey James, again called the Plaintiff on the telephone. Tracey James demanded that the Plaintiff leave the property.

14. Despite the written request for the Defendants to cease all contact with the Plaintiff, on July 29, 2012, at 8:15 A.M Eastern Standard Time, Defendant's agent, Tracey James, again called the Plaintiff on the telephone. Tracey James stated that she would not speak with the Plaintiff's attorneys (the undersigned) as the law firm did not borrow the money from the bank.

15. On July 30, 2012, the undersigned sent the Defendant a second "cease and desist letter" requesting that the Defendant cease all communications with the Plaintiff.

16. Despite the two written request for the Defendant to cease all contact with the Plaintiff, on July 30, 2012, at 8:25 A.M Eastern Standard Time, Defendant's agent, Tracey James, again called the Plaintiff on the telephone.

17. Tracey James confirmed that the Plaintiff received the two cease and desist letters but as the Plaintiff's agent, she will not speak with the undersign's firm since the firm is not on the Note.

18. Despite the two written request for the Defendant to cease all contact with the Plaintiff, on August 1, 2012, at 8:27 A.M Eastern Standard Time, Defendant's agent, Tracey James, again called the Plaintiff on the telephone. Tracey James stated that the Defendant will not acknowledge the two cease and desist letters as the attorney is not involved with the loan.

19. Despite the two written request for the Defendant to cease all contact with the Plaintiff, on August 2, 2012, at 8:25 A.M Eastern Standard Time, Defendant's agent, Tracey James, again

called the Plaintiff on the telephone. Tracey James demanded that the Plaintiff pay his mortgage and that the undersigned attorney has nothing to do with the loan. As the agent of the Defendant, Tracey James also threatened to put in the system that the Plaintiff refused to speak with her about the loan.

20. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes by aggressive and abusive collection activity by the numerous telephone calls to the Plaintiff.

21. On August 24, 2012, Bank of America N.A. filed a foreclosure action against the Plaintiff, in Broward County under case number 12-24092.

### SUMMARY

22. The above-described debt collection communications made to the Plaintiff by the Defendant's agent, Tracey James were made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692c(c), 15 U.S.C. §1692d(5), and 15 U.S.C. §1692e(7), 23. The above detailed conduct by the Defendant in an effort to collect a debt violated numerous and multiple provisions of the FDCPA.

### CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. §1692 et seq.

23. Plaintiff incorporates by reference all the facts and allegations contained in this Complaint as though fully stated herein.

24. Defendants and its agents' act and omissions as described *supra* constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. §1962 et seq.

25. As a result of Defendant's and its agents violations of the FDCPA, the Plaintiff is entitled to statutory damages in the amount up to ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00) pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT II
## CEASING COMMUNICATION

26. Plaintiff incorporates by reference all the facts and allegations contained in this Complaint as though fully stated herein.

27. Defendants and their agents violated 15 U.S.C. §1692c(c), by continuing contact with the Plaintiff after two (2) cease and desist letters were sent to the Defendant by the undersigned attorney on behalf of the Plaintiff.

28. As a result of Defendant's and its agents violations of the FDCPA, the Plaintiff is entitled to statutory damages in the amount up to ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00) pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT III
## HARASSMENT OR ABUSE

29. Plaintiff incorporates by reference all the facts and allegations contained in this Complaint as though fully stated herein.

30. Defendant and its agents violated 15 U.S.C. §1692d(5), by causing the telephone to ring and engaging the Plaintiff in six (6) conversations repeatedly with the intent to annoy, abuse and harass the Plaintiff.

31. As a result of Defendant's and its agents violations of the FDCPA, the Plaintiff is entitled to statutory damages in the amount up to ONE THOUSAND DOLLARS AND ZERO CENTS

($1,000.00) pursuant to 15 U.S.C. §1692k(a)(2)(A),and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT IV
## FALSE REPRESENTATIONS OR IMPLCATIONS THAT THE PLAINTIFF COMMITTED AN ACT WHICH WOULD DISGRACE THE CONSUMER/PLAINTIFF

32. Plaintiff incorporates by reference all the facts and allegations contained in this Complaint as though fully stated herein.

33. The Defendant through its agent, Tracey James, made false representations by threatening to put in the Defendant's system that the Plaintiff refused to speak with her about the loan.

34. As a result of Defendant's and its agents violations of the FDCPA, the Plaintiffs are entitled to statutory damages in the amount up to ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00) pursuant to 15 U.S.C. §1692k(a)(2)(A),and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment against Defendant, award Plaintiff statutory damages, actual damages, attorney's fees and costs and any further relief this Court deems just and proper.

Respectfully submitted this 13th day of June, 2012.

Korte & Wortman, PA
2041 Vista Parkway, Suite # 102
West Palm Beach, FL 33411
(561) 228-6200 Office
(561) 245-9075 Fax

By: _____
[ ]    Brian K. Korte
       FBN: 0129690
[X]    Allegra Fung
       FBN: 0371660